UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 21 CR 316 |
| | ) | |
| vs. | ) | Honorable Andrea Wood |
| | ) | |
| MATTHEW SCHWARTZ | ) | |

**DEFENDANT'S MOTION TO REOPEN DETENTION HEARING
BASED ON NEW CIRCUMSTANCES, INCLUDING NEW
<u>PROPOSED CONDITIONS OF BOND</u>**

Now Comes Defendant, MATTHEW SCHWARTZ, by and through his

attorney, Sheppard Law Firm, P.C., and pursuant to 18 U.S.C. 3142(f)(2)(B), moves

this Court to reopen the detention hearing based on a new circumstances, including

new proposed conditions of bond. In support thereof, defendant states as follows:

**INTRODUCTION**

Mr. Schwartz is 52-years-old and has no prior convictions. He voluntarily

appeared for processing on the arrest warrant in this case at the agreed upon date

of May 26, 2021. His initial appearance was May 27, 2021. Pretrial Services

recommended Mr. Schwartz's release on an unsecured bond with conditions

including, but not limited to, home incarceration and a third-party custodian. Ex. 1

(Pretrial Services Report).

Mr. Schwartz is charged with the following: in or around March 2020 to in or

around May 2021, knowingly, with the intent to harass and intimidate another

person, namely, Individual A, using an interactive computer service, an electronic

communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, the internet, a cellular telephone, text messages, and the Burner application, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Individual A, in violation of 18 U.S.C. § 2261A(2)(B). (Count 1). He is further charged with, on or about May 31, 2020, and November 3, 2020, knowingly and willfully transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). (Counts 2-4). The charges do not allege any actual physical force or attempted force against Individual A.

A detention hearing before Magistrate Judge Cox was held on June 1, 2021. Ex. 2 (Transcript of Detention Hearing). Judge Cox found that there were conditions that could ameliorate any risk of flight but ordered Mr. Schwartz detained on grounds that he posed a danger to the community. *Id*. at 13-16.

At the detention hearing, Mr. Schwartz neither proposed a property bond nor strict home incarceration (although location monitoring was discussed in general). Nor did Mr. Schwartz propose both of his parents – a lawyer and an educator – as third-party custodians. Additionally, Mr. Schwartz had not proposed a particular mental health or substance abuse treatment plan. Nor did he propose restrictions on Internet and/or telephone use. Comparatively, Mr. Schwartz now proposes the following conditions:

- **Strict home incarceration** with location monitoring. A condition of home incarceration is stricter than that of home detention.

- **Mental Health and Substance Abuse Evaluation & Following of All Treatment Recommendations**. As a condition of bond, Mr. Schwartz will receive a psychological evaluation as well as a substance abuse assessment. He will follow all treatment recommendations, including any medication regimens. Attached hereto is a letter from Rabbi Scheiman, the director of the HINDA Institute. HINDA is an acronym for **H**elping **Ind**ividuals **A**scend. It is a 501(c)(3) organization dedicated to providing services to Jewish prisoners. Rabbi Scheiman writes, "[u]pon Matthew's release, we will make a psychiatrist and psychologist available to evaluate Matthew and recommend a complete treatment plan." Additionally, the Institute will provide the following services:

> "1.  Individual caseworkers and counseling for both the family and Matthew (weekly). They will monitor the situation and support the supervisory officers as needed.
> 2.  Home visits by a Hinda chaplain.
> 3.  Access to our peer support groups (family support group, addiction support group, reentering support group)
> 4.  Monthly reentry courses."

Ex. 3.

A psychiatrist, Dr. Abrams, has already been secured to evaluate Mr. Schwartz upon his release.[1] Additionally, a licensed clinical social worker,

---

[1] Dr. Abrams' office is located at 2025 South Heights Road, Arlington Heights, Illinois, suite 106. He has indicated that he will submit a letter confirming his readiness to evaluate Mr. Schwartz upon Mr. Schwartz's release.

Kyle Brand Paidlla, is prepared to assume Mr. Schwartz's counseling. Ex. 4 (Letter from licensed clinical social worker). Mr. Schwartz has a history of depression and anxiety disorders (said records are available upon request). His conditions are more readily treated on bond, particularly with treatment providers already having been secured.

- **Property Bond**. Mr. Schwartz, himself, owns his home – without liens or mortgages – at 1511 Guthrie Drive, Inverness, Illinois 60010. Mr. Schwartz purchased the property for $525,000 and, based on fair market value, it appears that it would be appraised at over $700,000. The deed to the property is attached. Ex.5. He is prepared to post said property as a condition of bond. Additionally, Mr. Schwartz's parents, Ronald and Fran Schwartz, are prepared to post their home – 3308 North Paige Street, Arlington Heights, Illinois 60004 – as a property bond. On information and belief, the property is valued at approximately $400,000. The deed to that property is also attached. Ex. 6.

- **Third-Party Custodian(s**). Ronald and Fran Schwartz, the defendant's parents, are both prepared to serve as third-party custodians, even if it means the defendant residing with them. Ex. 7. Ronald Schwartz has been an attorney, in good standing, since 1977 in Illinois. He graduated from UCLA Law School and is also admitted to practice in California. Fran Schwartz is a teacher by trade. She holds two degrees – one in higher education and one in

social science. She obtained her degrees from UCLA and University of California, Riverside. Fran now works as a legal secretary in Ron's law office. She and Ron have been married since 1968.

- **Internet and Telephone Restrictions/Monitoring**. Mr. Schwartz is willing to forego any Internet usage and only use the phone in the presence of his third-party custodians. Alternatively, a less restrictive condition would be monitoring of the defendant's phone and Internet use. (Undersigned counsel is the attorney of a record in a case currently pending in this District where a condition of bond includes Internet monitoring by the third-party custodian).

- **Any Other Conditions of Bond that this Court Deems Proper which will Of Course Include No Contact With the Complainant or Any Witness.** Mr. Schwartz agrees to any other conditions of bond which this Court deems proper.

In addition to the newly proposed conditions of bond, another change in circumstances since the initial detention hearing has been the lengthy passage of time since the arrest and the charged conduct. Mr. Schwartz has been in custody over eight months. Over a year has passed since the date of the last charged conduct in counts two through four.

Mr. Schwartz's health and family circumstances also favor pretrial release. Mr. Schwartz has a severe case of Chron's disease, an auto-immune disorder.[2] Separately, there has a been a surge of the Omicron variant in the MCC. The MCC

---

[2] *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4568313.

has recently suspended prisoner transports to Court and in-person visits. Mr. Schwartz has been unable to see his parents, new counsel, and his children.

Mr. Schwartz has three children (ages 16, 20, and 21) whom he helps support with his ex-wife. Attached, is a letter from Mr. Schwartz's ex-wife wherein she avers that he was never violent with her or their children. Ex. 8. She also states that she has never known Mr. Schwartz to be violent with anyone. Mr. Schwartz's sister has also submitted a letter wherein she describes his lack of violence. Ex.9.

## LEGAL ANALYSIS

A detention hearing may be reopened if the party requesting reopening presents new information. *See* 18 U.S.C. 3142(f)(2)(B)(providing that the hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community"). In this case, Mr. Schwartz has presented new information in the form of newly proposed bond conditions and the passage of time since his arrest and the charged conduct.

The detention issue thus turns primarily upon whether any combination of conditions of release could reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e). The government must establish the lack of such conditions by clear and convincing evidence. *Id.*

The Bail Reform Act states a preference for a liberty. *See* 18 U.S.C. § 3142(a) and (b). Similarly, the Supreme Court has stressed, "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). Courts are required to consider the possibility of less restrictive alternatives to detention. *See United States v. Infelise,* 934 F.2d 103, 105 (7th Cir.1991)(Posner, J.). "Doubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)(citing, *inter alia, Herzog v. United States,* 75 S.Ct. 349, 351 (1955)(Douglas, J., in chambers)).

Evidence that a defendant threatened an individual does not mean that no conditions exist to reasonably assure the safety of any person or the community. *E.g., United States v. Haddad,* 09 CR 115 (N.D. Ill.)(the defendant had been released on a $15,000 unsecured bond, with a third-party custodian, in the face of a complaint which alleged written threats of death or injury). In this case, the newly proposed conditions can reasonably assure the safety of any person and the community.

## CONCLUSION

For the reasons set forth above, Mr. Schwartz moves to reopen the detention hearing and for pretrial release.

Respectfully submitted:


/s/ Adam Sheppard
An Attorney for Defendant


/s/ Barry Sheppard
An Attorney for Defendant


Sheppard Law Firm, P.C.
180 N. LaSalle Street, Suite 2510
Chicago, Illinois 60601
(312) 443-1233
Adam Sheppard IL Bar No. 6287375
Barry Sheppard IL Bar No. 2579901

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was served on January 28, 2022, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

/s/ Adam Sheppard
Attorney for Defendant

Adam Sheppard
180 North LaSalle Street, Suite 2510
Chicago, Illinois 60601
(312) 443-1233
adam@sheppardlaw.com
IL Bar. No. 6287375