**FILED**

AUG 2 3 2022

**JUDGE ANDREA WOOD**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 316 |
| v. | Judge Andrea R. Wood |
| MATTHEW SCHWARTZ | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, JOHN R. LAUSCH, JR., and defendant MATTHEW SCHWARTZ, and his attorney, BARRY SHEPPARD, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

## Charge in This Case

2.     The superseding information in this case charges defendant with possession of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3.     Defendant has read the charges against him contained in the superseding information, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the superseding information, which charges defendant with knowingly possessing material, namely a SanDisk USB thumb drive that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), involving a minor, such image having been shipped and transported using any means and facility of interstate and foreign commerce, and such image having been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).  In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the superseding information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to Guideline § 1B1.3, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

On or about May 24, 2021, at Inverness, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant MATTHEW SCHWARTZ, knowingly possessed material, namely, a SanDisk USB thumb drive that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A),

2

involving a minor, such image having been shipped and transported using any means and facility of interstate and foreign commerce, and such image having been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Specifically, on May 24, 2021, defendant possessed at least one video depicting defendant engaging in a sexual act with a minor under the age of eighteen ("Minor A"). Specifically, the video depicts defendant penetrating Minor A's vagina with defendant's penis. Defendant saved the video on a SanDisk USB drive which defendant kept in his home office. Defendant saved the video on the USB drive with the name "FULL_[Minor A nickname]LOVE" and within a folder labeled "MATTS FULL VIDS." As of May 24, 2021, defendant knew that the video depicted Minor A at a time when she was under the age of eighteen.

At the time the video was created, defendant was engaged in a sexual relationship with Minor A whereby defendant paid Minor A for companionship and sex. Defendant paid Minor A for sex and companionship with cash and gifts, including a vehicle. Defendant also paid for Minor A to travel from outside the State of Illinois to defendant's homes in Buffalo Grove, Illinois, and Inverness, Illinois, for the purpose of engaging in sexual acts with him.

7.  Defendant, for purposes of computing his sentence under Guideline § 1B1.2, stipulates to having committed the following additional offense:

3

From in or around March 2020 to in or around May 2021, at Inverness, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant MATTHEW SCHWARTZ, did knowingly, with intent to harass and intimidate another person, namely, Individual A, use an interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, namely, the internet, a cellular telephone, text messages, and the Burner application, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Individual A, in violation of Title 18, United States Code, Section 2261A(2)(B).

Specifically, from approximately March 2020 through and including May 2021, defendant stalked, harassed, threatened and intimidated Individual A. For example, in March 2020, defendant or another individual acting at defendant's direction, broke into Individual A's residence and took her dog. In April 2020, defendant placed a shovel with the words "1st place gold digger," "cheater," "liar," "slut," "whore," "skank," and "asshole," written on it at the entrance to Individual A's garage. In June 2020, defendant stole Individual A's car, a black 2015 Mercedes Benz, by changing the title of the car into defendant's name.

Throughout this time period, defendant also physically stalked Individual A by driving past her residence or parking near her residence. In or around April 2020, defendant also installed a tracking device on Individual A's vehicle, without

Individual A's knowledge, to enable defendant to know Individual A's whereabouts. Defendant also obtained the password to Individual A's Apple iCloud account and attempted to access her account to obtain her private information.

Beginning in May 2020, defendant began to use a mobile application called The Burner App to send threatening text messages to Individual A from unknown phone numbers. Defendant used the Burner App to message Individual A because Individual A had blocked defendant's phone number from contacting her. For example, on May 31, 2020, defendant used The Burner App to send Individual A several text messages from an anonymous phone number. The text messages including the following statements by defendant, "I am going to attack the fuck out of you and kill you dead if you do not start talking to me I'm not fucking kidding . . . you deserve to be choked ... you need to come talk to me or things are gonna get really fucking bad I'm going to prison anyway bitch so who the fuck cares . . . honestly deaths too good for you."

On November 3, 2020, defendant used The Burner App to send Individual A several more text messages from another anonymous phone number. The messages included the following statements by defendant, "You know the endgame is designed so that you don't get hurt. And in fact it ends up with you in a good place. I can change that. So that it ends with you getting ended. And I [it] could end with you getting ended in one of three ways. 1) quick and painless. 2) slow and painful 3) a kind of living death . . . just be happy I'm taking the high road and not hurting you. Most

people would choose a different path. Don't fuck with me or I will become most people. I will choose #2 . . ."

On November 27, 2020, defendant again used The Burner App to send Individual A several more text messages from another anonymous phone number. The messages included the following statements by defendant, "I should have just killed you. But I couldn't live with myself. And now the best choice is for me to kill myself. . . And now you just ignore me. You think that will make me go away. It just strengthens my resolve. If I decide to kill myself – and I'm close to that decision. You could be damn sure I'll be taking you and your flavor of the day with me."

In December 2020, defendant created flyers depicting Individual A that defendant intended to distribute in Individual A's neighborhood. The flyers stated that Individual A was a prostitute, a drunk, and had sexually transmitted diseases. The flyer encouraged Individual A's neighbors to contact her management company and demand she be removed from her residence. Defendant also created a Google email address, cconcerned703@gmail.com, which he used to contact Individual A's management company and request that she be "removed from the community." Defendant created the flyers and Google email account with the intention of getting Individual A evicted from her home.

### Maximum Statutory Penalties

8.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

6

a.     A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also must impose a term of supervised release of no more than three years.

b.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he has pled guilty, in addition to any other penalty or restitution imposed.

c.     Defendant further understands that, pursuant to Title 18, United States Code, Section 3014, defendant will be assessed an additional $5,000 if the Court determines that he is a non-indigent person.

### Sentencing Guidelines Calculations

9.     Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities

7

among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.      **Applicable Guidelines**. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2021 Guidelines Manual.

b.      **Offense Level Calculations**.

**Charged Offense**

i.      The base offense level is 18, pursuant to Guideline § 2G2.2(a)(1).

ii.     Pursuant to Guideline § 2G2.2(b)(5), the offense is increased by five levels because defendant engaged in a pattern of activity involving the sexual abuse and exploitation of a minor.

iii.    Pursuant to Guideline § 2G2.2(b)(6), the offense is increased by two levels because the offense involved a computer or an interactive computer service.

8

iv.     Pursuant to Guideline § 2G2.2(b)(7)(A), the offense is increased by two levels because defendant possessed at least 10 but fewer than 150 images of child pornography.

**Stipulated Offense**

v.     The base offense level is 18, pursuant to Guideline § 2A6.2(a).

vi.     It is the government's position that pursuant to Guideline § 2A6.2(b)(1), the offense is increased by four levels because the offense involved the violation of a court protection order and a pattern of activity involving stalking, threatening, harassing or assaulting the same victim, namely Individual A. Defendant reserves the right to argue that this enhancement does not apply.

**Grouping**

vii.     Pursuant to Guideline § 3D1.2(d), the Charged Offense and the Stipulated Offense do not group.

viii.     The Charged Offense carries the highest offense level of 27. Pursuant to Guideline § 3D1.4(a), the Charged Offense counts as one unit.

ix.     The Stipulated Offense carries an offense level of 22. The Stipulated Offense is 5 to 8 levels less serious than the Charged Offense, so one additional half unit is counted pursuant to Guideline § 3D1.4(b).

x.      Therefore, pursuant to Guideline § 3D1.4, one and half total units correspond to one additional level. This results in a combined offense level of 28.

### Acceptance of Responsibility

xi.      If the Court determines at the time of sentencing that defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate. The government reserves the right to take whatever position it deems appropriate at the time of sentencing with respect to whether defendant has accepted responsibility within the meaning of Guideline § 3E1.1(a).

xii.      In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

10

c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.     **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known to the government, the anticipated offense level, is 28 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 78 to 97 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.     Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional guidelines provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall

11

not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

11. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

12. Each party is free to recommend whatever sentence it deems appropriate.

13. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution in the full amount of the losses of any victim of defendant's offense, as the terms "victim" and

12

"loss" are defined in that section. The amount of restitution shall be determined by the Court at sentencing.

15.     Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

16.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any payment schedule set by the Court.

18.     After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the indictment as to defendant.

## Forfeiture

19.     Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property

any property used or intended to be used, in any manner or part, to commit or facilitate commission of the offense and any property involved in the offense.

20.     Defendant agrees to forfeiture of the following specific property to the United States: a SanDisk USB thumb drive seized on May 24, 2021. In doing so, defendant admits that the property described above is property which facilitated the offense and property involved in the offense, as alleged in the information. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

21.     Defendant understands that forfeiture shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

22.     Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

23.    This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 316.

24.    This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

25.    Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a.    **Right to be charged by indictment**. Defendant understands that he has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at

trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

      b.     **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charge against him, and if he does, he would have the right to a public and speedy trial.

      i.     The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii.     If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

      iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

viii.      With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

17

       c.    **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

       26.    Defendant understands that he has the right to have the criminal charge in the superseding information brought in a separate criminal case pursuant to Federal Rule of Criminal Procedure 8. By signing this document, defendant knowingly waives any right to object to the joinder of the charge contained in the superseding information in this case.

       27.    Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

       28.    Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope, and extent of defendant's conduct regarding the charge against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to sentencing.

29. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

30. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

19

31.     Defendant understands that pursuant to Title 18, United States Code, Sections 3583(d) and 4042(c), the Court must order as an explicit condition of supervised release that defendant register as a sex offender in compliance with the requirements of the Sex Offender Registration and Notification Act. Defendant also understands that he will be subject to federal and state sex offender registration requirements independent of supervised release, that those requirements may apply throughout his life, and that he may be subject to state and federal prosecution for failing to comply with applicable sex offender registration laws. Defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his duties to comply with current or future sex offender registration laws. Defendant nevertheless affirms that he wants to plead guilty regardless of any sex offender registration consequences that his guilty plea may entail.

32.     Defendant agrees to participate in psychological counseling and sex offender treatment as directed by the Probation Office as a condition of any sentence of probation or supervised release imposed.

### Other Terms

33.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

20

34. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## Conclusion

35. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

36. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

21

37.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

38.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

39.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE:   8/23/2022

ERIKA CSICSILA
Digitally signed by
ERIKA CSICSILA
Date: 2022.08.22
10:27:51 -05'00'

Signed by Erika Csicsila on behalf of
JOHN R. LAUSCH, JR.
United States Attorney

MATTHEW SCHWARTZ
Defendant

IRENE HICKEY SULLIVAN
Assistant U.S. Attorney

BARRY SHEPPARD
Attorney for Defendant

22