**United States District Court**
**For the Northern of Illinois**

**FILED**

AUG 17 2023 SMB

THOMAS G. BRUTON
**CLERK, U.S. DISTRICT COURT**

**Matthew Schwartz**
**Petitioner-Defendant**

**Vs.**

| Case no. 1:21-cr-00316

**United States of America**
**Respondent-Plaintiff**

**Motion for Compassionate Release**
**Pursuant to 18 U.S.C § 3582 (c)(1)(A)**

Now comes Matthew Schwartz, pro se defendant / movant (hereinafter "Mr. Schwartz") and

move this Court for a sentence reduction pursuant to 18 U.S.C § 3582 (c)(1)(A) based upon a

combination of extraordinary and compelling reasons, including (1) health issues and (2) his zero

criminal history points and in support there of as follows:

I. **THIS COURT HAS THE AUTHORITY TO RESENTENCE UNDER**
**SECTION 3582 (C) (1) (A) (I) FOR THE EXTRAORDINARY AND**
**COMPELLING REASONS PRESENTED HERE.**

1

With the changes made to the compassionate release statute by the First Step Act, courts need

not await a motion from the Director of BOP to resentence prisoners to time served under 18

U.S.C.

§ 3582(c)(1)(A)(i) for "extraordinary and compelling reasons," and the reasons that can justify

resentencing need not involve only medical, elderly, or family circumstances.

**A. When Congress originally enacted § 3582 in 1984, it intended for district courts to reduce sentences for prisoners on the basis of extraordinary and compelling reasons not limited to medical, family, or elderly circumstances.**

Congress first enacted the modern form of the compassionate release statute contained in 18

U.S.C. § 3582 as part of the Comprehensive Crime Control Act of 1984. Section 3582(c) states

that a district court can modify even a final "term of imprisonment" in four situations, the

broadest of which is directly relevant here. A sentencing court can reduce a sentence if and

whenever "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §

3582(c)(1)(A)(i). In 1984, Congress conditioned the reduction of sentences on the BOP Director

filing an initial motion in the sentencing court; absent such a motion, sentencing courts had no

authority to modify a prisoner's sentence for extraordinary and compelling reasons.

*Id.*

Congress never defined what constitutes an "extraordinary and compelling reason" for

resentencing under § 3582(c). But the legislative history gives an indication of how

Congress thought the statute should be employed by federal courts.

One of Congress's initial goals in passing the Comprehensive Crime Control Act was to abolish

federal parole and create a "completely restructured guidelines sentencing system." S. Rep No.

98-225, at 52, 53 n.74 (1983). Yet, recognizing that parole historically played a key role in

responding to changed circumstances, the Senate Committee stressed how some individual cases

may still warrant a second look at resentencing: The Committee believes that there may be

unusual cases in which an eventual reduction in the length of a term of imprisonment is justified

by changed circumstances. These would include cases of severe illness, cases in which other

2

extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender was convicted have been later amended to provide a shorter term of imprisonment. *Id.* at 55-56 (emphasis added). Rather than having the Parole Commission review every federal sentence focused only on an offender's rehabilitation, Congress decided that § 3582(c) could and would enable courts to decide, in individual cases, if "there is a justification for reducing a term of imprisonment." Id. at 55-56.(emphasis added). Rather than having the Parole Commission review every federal sentence focused only on an offender's rehabilitation, Congress decided that § 3582(c) could and would enable courts to decide, in individual cases, if "there is a justification for reducing a term of imprisonment." Id. at 56.

Congress intended for the situations listed in § 3582(c) to act as "safety valves for modification of sentences," *Id.* at 121, that enabled sentence reductions when justified by various factors that previously could have been addressed through the (now abolished) parole system. This particular safety valve would "assure the availability of specific review and reduction to a term of imprisonment for 'extraordinary and compelling reasons' and [would allow courts] to respond to changes in the guidelines." *Id.* Noting that this approach would keep "the sentencing power in the judiciary where it belongs," rather than with a federal parole board, the statute permitted "later review of sentences in particularly *compelling situations.*" *Id.*(emphasis added).

Congress thus intended to give federal sentencing courts an equitable power that would be employed on an individualized basis to correct fundamentally unfair sentences. And there is no indication that Congress limited the safety valve of § 3582(c)(1)(A) to medical or elderly release; if extraordinary and compelling circumstances were present, they could be used to "justify a reduction of an unusually long sentence." S. Rep No. 98-225, at 55-56.

**B. The U.S. Sentencing Commission concluded that § 3582(c)(1)(A)'s the extraordinary and compelling reasons" for compassionate release are not limited to medical, elderly, or family circumstances.**

Congress initially delegated the responsibility for determining what constitutes "extraordinary

and compelling reasons" to the U.S. Sentencing Commission ("Commission"). See 28 U.S.C. § 994(t) ("The Commission … shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."). Congress provided only one limitation to that delegation of authority: "[r] ehabilitation of the defendant *alone* shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t) (emphasis added). Congress no doubt limited the ability of rehabilitation alone to constitute extraordinary circumstances so that sentencing courts could not use it as a full and direct substitute for the abolished parole system. Congress, however, contemplated that rehabilitation could be considered with other extraordinary and compelling reasons sufficient to resentence people in individual cases. Indeed, the use of the modifier "alone" signifies just the opposite: that rehabilitation could be used in tandem with other factors to justify a reduction.

The Commission initially neglected its duty, leaving the BOP to fill the void and create the standards for extraordinary and compelling reasons warranting resentencing under § 3582(c)(1)(A).[2] The Commission finally acted in 2007, promulgating a policy that extraordinary and compelling reasons includes medical conditions, age, family circumstances, and "other reasons." U.S.S.G. § 1B1.13, application note 1(A). After a negative DOJ Inspector General report found that the BOP had rarely moved courts for a § 3582(c)(1)(A) modification even for prisoners who met the objective criteria, see U.S. Dep't of Justice Office of the Inspector General, The Federal Bureau of Prisons' Compassionate Release Program (Apr. 2013) ("FBOP Compassionate Release Program"), the Commission amended its policy statement, expanding the guidance to courts on qualifying conditions and admonishing the BOP to file motions for compassionate release whenever a prisoner was found to meet the objective criteria in U.S.S.G. § 181.13.ld. at application note 4; see also United States u. Dimasi, 220 F. Supp. 3d 173, 175 (D. Mass. 2016) (discussing the progression from the OIG report to new "encouraging" guidelines). The Commission created l categories of qualifying reasons: (A) "Medical Conditions of

4

the Defendant," including terminal illness and other serious conditions and impairments; (B) 'Age of the Defendant," for those 65 and older with serious deterioration related to aging who have completed at least 10 years or 75 percent of the term of.

The Commission created 1 categories of qualifying reasons: (A) "Medical Conditions of the Defendant," including terminal illness and other serious conditions and impairments; (B) 'Age of the Defendant," for those 65 and older with serious deterioration related to aging who have completed at least 10 years or 75 percent of the term of imprisonment; (C) "Family Circumstances," where a child's caregiver or spouse dies or becomes incapacitated without an alternative caregiver; and (D) "Other Reasons," when the Director of the BOP determines there is "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, application note 1(A). The Commission also clarified that the extraordinary and compelling reasons "need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13, application note 2. In other words, even if an "extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court, [that fact] does not preclude consideration for a [sentence] reduction." *Id.*

Consistent with the text and legislative history of § 3582(c), the Commission concluded that or reasons beyond medical, age, and family circumstances could qualify as "extraordinary or compelling reasons" for resentencing, and that the extraordinary or compelling reasons need not be that the extraordinary or compelling reasons need not be based on changed circumstances occurring after the initial sentencing of the defendant.

---

[2] BOP promulgated policies governing compassionate release. The latest version prior to passage of the" First Step Act was Program Statement 5050.49, compassionate Release/Reduction in Sentences (Mar . 25, 2015).

**C. Through the First Step Act, Congress changed the process for compassionate release based on criticism of BOP's inadequate use of its authority, returning to the federal**

**judiciary the authority to act on its own to reduce sentences for "extraordinary and compelling reasons."**

Prior to Congress passing the First Step Act, the process for compassionate release under §

3582(c)(1)(A) was as follows: the U.S. Sentencing Commission set the criteria for resentencing

relief under § 3582(c), and the only way a sentencing court could reduce a sentence was if the

BOP Director initiated and filed a motion in the sentencing court. See PL 98473 (HJRes 648), PL

98-473, 98 Stat 1837 (Oct. 12, 1984). If such a motion was filed, the sentencing court could then

decide where "the reduction was justified by 'extraordinary and compelling reasons' and was

consistent with applicable policy statements issued by the Sentencing Commission." *Id.* So even

if a federal prisoner qualified under the Commission's definition of extraordinary and compelling

reasons, without the BOP Director's filing a motion, the sentencing court had no authority to

reduce the sentence, and the prisoner was unable to secure a sentence reduction. This process

meant that, practically, the BOP Director both initiated the process and set the criteria for

whatever federal prisoner's circumstances the Director decided to move upon.

Leaving the BOP Director with ultimate authority for triggering and setting the criteria for

sentence reductions under § 3582(c)(1)(A) created l problems. The Office

---

[3] The Department of Justice has recognized that, prior to the passage of the First Step Act, BOP (and not the Commission) functionally had final say on what constituted an "extraordinary and compelling reason" for a sentence reduction, because only BOP could bring a motion under the terms of § 3582(c)(1)(A). See Dep't of Justice, Letter to U.S. Sentencing Commission Chairman Hinojosa (July 14,2007) (noting that because Congress gave BOP the power to control which particular cases will be brought to a court's attention, "it would be senseless [for the Commission] to issue policy statements allowing the court to grant such motions on a broader basis than the responsible agency will seek them").

of the Inspector General found that the BOP failed: to provide adequate guidance to staff on the

criteria for compassionate release, to set time lines for reviewing compassionate release requests,

to create formal procedures for informing prisoners about compassionate release, and to generate

a system for tracking compassionate release requests. See FBOP Compassionate Release

6

Program, at i-iv. As a result of these problems, the OIG concluded that "BOP does not properly manage the compassionate release program, resulting in inmates who may be eligible candidates for release not being considered." *Id*; see generally Stephen R. Sady & Lynn Deffebach, *Second Look Resentencing Under 18 U.S.C. §3582(c) as an Example of Bureau of Prisons Policies That Result in Ouerincarceration,* 21 FED. SENT. RPTR. 167 (Feb. 2009).

Congress heard those complaints. In late 2018, Congress passed the First Step Act, part of which transformed the process for compassionate release under § 3582(c)(1)(A). See P.L. 115-391,132 Stat. 5194, at § 603 (Dec. 21,2018). Section 603 of the First Step Act changed the process by which § 3582(c)(1)(A) compassionate release occurs: instead of depending upon the BOP Director to determine an extraordinary circumstance and then move for release, a court can now resentence "upon motion of the defendant," if the defendant has fully exhausted all administrative remedies, "or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once the defendant who has properly exhausted files a motion, a court may, after considering the 18 U.S.C. § 3553(a) factors, resentence a defendant, if the court finds that extraordinary and compelling reasons warrant a reduction *Id*. Any reduction of a sentence that a court orders must also be" consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The effect of these new changes is to allow federal judges the ability to move on a prisoner's compassionate release application even in the face of BOP opposition or its failure to respond to a prisoner's request for compassionate release in a timely manner.

Congress made these changes in an effort to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A). Congress labeled these changes, "Increasing the Use and Transparency of Compassionate Release." 164 Cong. Rec. H10346, H10358 (2018) (emphasis added). Senator Cardin noted in the record that the First Step Act made l reforms to the federal prison system, including that "[t]he bill expands compassionate release under the Second Chance Act and expedites compassionate release applications." 164 Cong. R. 199, at S7774

(Dec. 18, 2018) (emphasis added). In the House, Representative Nadler noted that First Step included "a number of very positive changes, such as . . . *improving application of compassionate release*, and providing other measures to improve the welfare of Federal inmates."164 Cong. Rec. H10346-04, 164 Cong. Rec. H10346-04, H10362 (Dec. 20, 2018) (emphasis added). Federal judges now have the power to order reductions of sentences even in the face of BOP resistance or delay in the processing of applications. The legislative history leading up to the enactment of the First Step Act establishes that Congress intended the judiciary not only to take on the role that BOP once held under the pre- First Step Act compassionate release statute as the essential adjudicator of compassionate release requests, but also to grant sentence reductions on the full array of grounds reasonably encompassed by the "extraordinary and compelling" standard set forth in the applicable statute.

**D. Statutory text defines judicial sentence reduction authority around" extraordinary and compelling reasons," and the policy statements of the U.S. Sentencing Commission under § 1B1.13 do not preclude this Court from resentencing .**

Once a prisoner has properly pursued administrative remedies and filed a motion for compassionate release, a federal court possesses authority to reduce a sentence if and whenever the court finds "extraordinary and compelling reasons warrant such a reduction." A court must consider the 18 U.S.C. § 3553(a) sentencing factors in reducing any sentence, and any reduction of a sentence that a court orders must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As noted above, the Sentencing Commission created a catch-all provision for compassionate release under U.S.S.G. § 1B1.13, application note (lXD), which states:

Other Reasons. -As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

The Commission also stated the process by which compassionate release reductions should be decided:

Motion by the Director of the Bureau of Prisons.-A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A).

U.S.S.G. § 1B1.13, application note 4.

The dependence on the BOP in these policy statements is a relic of the prior procedure that is now inconsistent with the First Step Act's amendment of § 3582(c)(1)(A). Application note 1(D) can no longer limit judicial authority to cases with an initial determination by the BOP Director that a prisoner's case presents extraordinary or compelling reasons for a reduction, because the First Step Act has expressed allows courts to consider and grant sentence reductions even in the face of an adverse or unresolved BOP determination concerning whether a prisoner's case is extraordinary or compelling. See 18 U.S.C. § 3582(c)(1)(A), as amended by P.L. 115-391 § 503 (Dec. 21,2018). And the Commission's now-dated statement indicating that the BOP must file a motion in order for a court to consider a compassionate release sentence reduction no longer controls in the face of the new statutory text enacted explicitly to allow a court to consider a reduction even in the absence of a BOP motion. *Id.* With the First Step Act, Congress decided that federal judges are no longer constrained or controlled by how the BOP Director sets its criteria for what constitutes extraordinary and compelling reasons for a sentence reduction. Consequently, those sections of the application notes requiring a BOP determination or motion are not binding on courts. See Srlnson v. United States, 508 U.S. 36, 38 (1993) ('We decide that commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). Put differently, now that the First Step Act has recast the procedural requirements for a sentence reduction, even if a court finds there exists an extraordinary and compelling reason for a sentence reduction without the BOP Director's initial determination, then the sentence reduction is not inconsistent "with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).
has properly exhausted his claim for a reduction of sentence under the compassionate

9

release provision, and he presents this Court with extraordinary and compelling reasons for reducing his sentence.

In the instance case, Mr. Schwartz filed a request for a reduction of sentence under the compassionate release statute with the Warden of his prison at the Federal Correctional Institution in Milan, Michigan.

The Warden has denied this request and, accordingly, has properly exhausted his claim. See 18 U.S.C. § 3582(c)(1)(A) (courts can reduce a sentence "upon motion of the defendant," if the defendant has fully exhausted all administrative remedies)

## II.                          Arguments

## III. The Sentencing Commission's April 5, 2023 Adopted Amendments to USSG 1B1.13 Entitle the Movant to Immediate Home Confinement Placement

On April 5, 2023, the United States Sentencing Commission adopted an expanded and "new" Compassionate Release Guidelines, USSG 1B1.13 on a 4-3 vote. These compassionate release expansions relating to what can qualify as "extraordinary and compelling reasons " to grant compassionate release pursuant to 18 USC section § 3582(c)(1)(A) gives District Court judges greater discretion to determine when sentence reductions are warranted.

The "compassionate release" Guideline, USSG 181.13 was approved on a 4-3 vote. It updates and expands the criteria for what can quality as " extraordinary and compelling reasons" to grant compassionate release – the language in 18 USC 3582©(1)(A) – and it will give judges both the discretion and more guidance to determine when a sentence reduction is warranted. The new categories that could make an inmate eligible for compassionate release include

- If the prisoner is suffering from a medical condition that requires long-term or specialized medical care not being provided by the BOP and without which he or she is at risk of serious deterioration in health or death.

- If the prisoner is housed at a prison affected or at imminent risk of being affected by an ongoing outbreak of infectious disease or an ongoing public health emergency declared by the appropriate federal, state, or local authority, and due to the personal health risk factors and custodial status, he or she is at increased risk of suffering "severe medical complications or death as a result of exposure" to the outbreak.

- If the prisoner's parent incapacitated and the prisoner would be the only available caregiver.

- If a prisoner becomes victim of sexual assault by a corrections officer.

- If the prisoner receive an unusually long sentence and has served at least 10 year of the term of imprisonment, changes in the law (other than to Guidelines) may be considered in determining where an extraordinary and compelling reason exists, but only where such change would product a gross disparity between the sentence being served and the sentence liked to be imposed at the time the motion is filed.

The amendments also provide that while rehabilitation is not, by itself, an extraordinary and compelling reason, it may be considered in combination with other circumstances.

In the instant case, Mr. Schwartz is a prime candidate for immediate release to home confinement based upon he having satisfied two the specifically enumerated adopted sentencing amendments., (zero criminal history points and a medical condition which Mr. Schwartz can demonstrate, would be treated more materially and effectively, if Mr. Schwartz were on home confinement).

Based upon these facts and in the aftermath of the Sentencing Commission's adopted amendments, Mr. Schwartz is a prime candidate for immediate release to home confinement.

## MR. SCHWARTZ's HEALTH CONCERNS

### IV.    PETITIONER'S HEALTH CONCERNS PUT HIM AT HIGH RISK FOR COMPLICATIONS

In the instant case, Mr. Schwartz is a prime candidate for immediate release to home confinement based upon he having satisfied two of the specifically enumerated adopting sentencing amendments. Mr. Schwartz's Crohn's disease was diagnosed at 8 years old. Mr. Schwartz's intestine previously burst and never healed fully resulting in ongoing pain and discomfort, which pain and discomfort are not being addressed by prison medical staff whatsoever.

Mr. Schwartz also experiences immediate urges to go to the bathroom frequently.

This is particularly challenging and problematic for Mr. Schwartz, in a prison environment , where bathroom faculties are shared among prison inmates.

Mr. Schwartz has not been to a specialist since his incarceration began and is currently receiving no treatment. Mr. Schwartz also has an abscess tooth and other damaged teeth causing severe pain and regular pain which is not being treated either.

Based upon these facts and in the aftermath of the Sentencing Commission's adopted a amendments, Mr. Schwartz's a prime candidate for immediate release to home confinement.

## V. §3553(a) SENTENCING FACTORS FAVOR A REDUCTION IN MR. SCHWARTZ 'S SENTENCE

Mr. Schwartz acknowledges that his crime was both serious and damaging. He reflects upon his conduct with remorse on a daily basis and with a strong commitment to make amends to his family and to his community. He understands that pleading guilty was only the first step in taking accountability for his conduct, but he submits that reducing his prison sentence today will not undermine the purposes of sentencing.

**1. Mr. Schwartz almost completed a majority of his sentence**

Mr. Schwartz has completed almost a majority of his statutory sentence.

12

More specifically, Mr. Schwartz has served approximately 26 months of his sentence.

## 2. Mr. Schwartz is not a danger to society

a). The Court need look no further than the fact that the government itself has
determined that, if released into the community today, Mr. Schwartz has a
MINIMUM risk of recidivism. This was determined using the Prisoner Assessment
Tool Targeting Estimated Risk and Needs ("PATTERN"). According to the government,
this personalized and evidence-based risk and needs assessment system is
used to determine the risk and needs of inmates in BOP custody. Specifically,
the system determines the recidivism risk of each inmate and provides them
with a recidivism score." See https ://www..bop.gov/inmates/fsa/faq.jsp#fsa_
system.

b). This score, received by Mr. Schwartz 's BOP Case Manager, a trained
correctional professional who knows Mr. Schwartz well and has closely followed
his prison conduct and rehabilitation efforts are in direct contrast
to the government's prosecutors who have never met Mr. Schwartz, but are likely
to argue that he is dangerous based solely on his past criminal conduct.
Most courts recognize that BOP Staff are in the best position to individually
assess an inmate's readiness for release.

## 3. Mr. Schwartz 's post-sentencing conduct has been exemplary

Mr. Schwartz has taken advantage of the opportunities in prison to better himself.
He has served nearly 2 ½ years in prison without receiving a disciplinary infraction.

## 4. Mr. Schwartz 's sentence will not diminish deterrence nor respect for the law

Deterrence is not diminished when a sentence is reduced due to unforeseen circumstances, and
respect for the law is not lessen when that sentence reduction is warranted. This reasoning was
well stated in a decision granting compassionate release in United States v. McConico, 2020 U.S.
Dist. Lexis 135718 (E.D. Mich. 2020), where the Court stated as follows:

"A reduction in [Defendant]'s sentence will not diminish the general deterrent value of [Defendant]'s original ten-year sentence. Individuals contemplating criminal behavior could hardly be expected to rely on an unforeseen event on par with a pandemic to reduce the prison sentences they would risk by their actions.

Nor does a reduced sentence threaten to diminish respect for the law. Respect for the law is promoted by demonstrating its humanity as much as its rigidity."

Upon his release, Mr. Schwartz will reside at a residence compliant with his supervised release conditions in the Chicagoland area.

## CONCLUSION

Mr. Schwartz has demonstrated a number of circumstances that combine to warrant compassionate release, including (1) health issues and (2) his zero criminal history points. He has also shown that the § 3553 (a) sentencing factors now weigh in favor of a shortened sentence and an immediate release to home confinement. In the aggregate, these circumstances are uniquely extraordinary and compelling, and warrant compassionate release, or other sentence reduction.

WHEREFORE, based upon the foregoing, Matthew Schwartz, pro se movant, respectfully requests that this Honorable Court GRANT this motion and ORDER his immediate release from BOP custody, or a similar reduction in sentence short of time-served as deemed appropriate by this Court.

Respectfully Submitted,

Matthew Schwartz

Pro Se Defendant / Movant

Reg. No 54469-424

FCI Milan

4004 East Arkona Road,

Milan, MI 48160

## CERTIFICATE OF SERVICE

I, Matthew Schwartz, declares under penalty of perjury and under the federal mailbox rule

that I filed this Motion for Compassionate Release Pursuant to 18 U.S.C § 3582 (c)(1)(A)

by placing a true and correct copy into the Institutional Mail, pre-paid USPS First Class, on

*August 16* _____ 2023, addressed to:

Clerk of the Court

U.S. District, Court

Northern District of Illinois

219 South Dearborn St

Chicago, Illinois 60604


Matthew Schwartz

Pro Se Defendant / Movant

Reg. No. 54469-424

FCI Milan

4004 East Arkona Road,

Milan, MI 48160

July 17, 2023

Dear Mr. & Mrs. Schwartz,

I am the previous treating physician and expert caring for Matthew J. Schwartz, 7-5-1969, and attest that he has been diagnosed and treated for Crohn's here at the University of Chicago. It is my expert opinion that he needs to be seen by a qualifying specialized physician for his ongoing treatment and management.

It is my understanding that he currently in Milan, Michigan and has not received the adequate care or treatment required. Postponing any further treatment can lead to further unwanted progression of his disease.

Sincerely,

David T. Rubin, MD
Professor of Medicine
University of Chicago

GROUP EXHIBIT A



**F M S**

**LAW GROUP** LLC

FRANCISZKOWICZ | McCARTY | SINGLER

200 W. MONROE STREET, SUITE 1340, CHICAGO, ILLINOIS 60606
P: 312 332-6381 | F:312 332-6385

May 17, 2022

**Via Email**
The Honorable Andrea R. Wood
United Stated District Court
Northern District of Illinois
219 s. Dearborn St.
Courtroom 1925
Chicago, IL 60604

      Re:    Matthew J. Schwartz

Dear Judge Wood,

      I am writing to you with regard to Matthew J. Schwartz ("Matt") and the criminal charges currently pending against Matt before your Honor. I am well-aware of the full extent of the criminal charges against Matt, having spoken to him both by telephone and email during the time of his incarceration. Matt takes full responsibility for his conduct and the actions that led to these charges. He knows how his actions have hurt people, and he is determined to do better, to be better. He wants nothing more than the opportunity to right his wrongs and move forward to a more positive life.

      I have been friends with Matt since 1988, when we met as students at the University of Illinois at Urbana-Champaign. During the more than thirty years that I have been friends with Matt, I have gotten to know his character quite well. I know the highs of the successes he has had and the lows of his darkest moments.

      What I will tell you about Matt is this: even in his most difficult moments, I truly believe he would never physically hurt anyone. It truly is not in his nature. I understand that he may have made threats, or what appear to be threats, but I do not believe for even a second that Matt would ever have carried out any such threat, whether himself or getting someone to act on his behalf. It just is not the kind of person he is, not what is in his heart.

      Matt himself has long suffered from a crisis of confidence in himself, even during the times when he appeared most successful, with a thriving business, wife, and beautiful children. Matt always secretly felt his success wasn't real and people would eventually figure that out. His lack of belief in himself (probably stemming from his teen years when he spent a lot of time seriously sick with Crohn's disease and isolated from his peers) led him to a pattern of behavior I would call something of a savior complex. He feels broken himself, and so he is always trying to

help and "fix" other "broken" people. This means he has engaged with some pretty nefarious people in his efforts to help them. He always sees good in people and believes they are capable of being saved, because he wants to believe the same about himself. His unending belief in the goodness of others has led him to ultimately make some terrible decisions, to be sure.

That leads to the truth about Matt himself; he truly is one of the kindest-hearted people I know. He wants to help everyone he can, human or animal. He opens his home, his heart, his door, and unfortunately, his wallet, to anyone in need. It doesn't matter whether Matt saw you last week, last year, or ten years ago; if you call Matt today and ask for help or friendship, he will do whatever he can for you without batting an eye. He is a loving, caring person who hurts when others hurt, and wants to make it better for everyone.

I also know Matt to be extremely frank and honest. During the last two years, particularly during the pandemic, when Matt felt even more isolated and alone, Matt and I had some deep conversations about where his path was heading. I let him know in no uncertain terms how worried I was for him. Matt never held back, never tried to lie to me, never tried to hide how bad it was. He shared the honest details, even the ones that painted him in a not-so-great light. We had conversations about what would happen to his children should anything happen to him. He wanted desperately then to turn his life back around but was unsure how even to begin doing that. He made efforts, but at that time, it wasn't enough to reverse the course he was on.

I'm not a criminal defense attorney; I'm a guardianship and decedent's estate attorney. But in practicing guardianship law, I spend a lot of time working to determine what is in a person's best interests and trying to ensure that a disabled person achieves the highest quality of life left to them. I look at Matt's case through that lens, the lens of protecting not only Matt, but other people as well. Society does not need protecting from Matt. His one year of incarceration has already taught him everything I think it was designed to do. He is as remorseful as a person could be, determined to never go down this dark road again, and extremely unlikely to be a repeat offender. He is rehabilitated; he wants a chance to rebuild his career, rebuild his relationships with his children and family, and live a clean life. He is beyond devastated by the impact his criminal case has had on his children and wants nothing more than the opportunity to reverse the damage to them, to the best of his ability. He has already suffered punishment through his one year of incarceration, during which he suffered additionally from his ongoing battle with Crohn's disease. There is no further punishment necessary to serve the purposes of justice; all goals of incarceration have been satisfied by the term he has already served.

To that end, I respectfully request that your Honor consider the most lenient sentence possible for Matt. He has no prior criminal history, was an upstanding businessman and loving father prior to the last few years of struggles. I truly believe that he is capable of living a productive life, beneficial to himself, his children, and society, going forward, if your Honor is willing to grant him that opportunity.

Thank you for your consideration of this matter.

Sincerely,

Margaret W. Sima

## Ziskind Greene & Karr, LLC
Senior Lawyer Placement
Law Firm Merger

Lawyer Search and Placement
Law Firm Merger
Career Development
Recruitment Strategies

1223 Roxbury Drive, Suite 205
Los Angeles, California 90035
(310) 734-7997
(310) 486-1670 (cell)
gz@ziskindgreene.com
ziskindgreene.com

Gregg Ziskind
Bambi Karr

Michael J. Greene
(1945-1986)

May 19, 2022

The Honorable Andrea R. Wood
U. S. District Court, Northern District
Courtroom 1925, Chambers 1956
219 S. Dearborn Street
Chicago, Illinois 60604

Your Honor:

Thank you very much for this opportunity to address the Court in support of your consideration of Matthew Schwartz's earliest possible release from custody currently at the Winnebago County Jail. I have known Matthew all his life as his father Ronald and I were law school classmates at UCLA. I have been informed about the charges against Matthew and acknowledge their seriousness. I believe it is fair and helpful to ask you to consider the following.

With his parents' acquiescence, I have personally had considerable opportunity to speak directly to Matthew about his behavior and the events in the months leading up to his incarceration. I found him to be very receptive to those conversations and to the profound subject matter discussed. He struck me as being quite sincere in accepting responsibility. For what he acknowledged as entirely unacceptable behavior and both his need and his desire to embrace the dramatic changes in his perspective and behavior that we discussed at great length. I find him to be a man of strong core values of compassion, honorableness, gentleness and empathy, with a strong commitment to learning from this hugely unfortunate chapter in his life to become the mensch for his children, parents, friends and for himself for his own sense of pride and accomplishment that he's always aspired to. I feel that we bonded in important ways that will prove very helpful and enduring to Matthew going forward.

For whatever its worth, my father Louis Ziskind, my hero, was a social worker whose efforts led to his creation of the nonprofit Gateways Hospital and Mental Health Center in Los

The Honorable Andrea R. Wood
May 19, 2022
Page 2

Angeles, which helped to revolutionize the way mental health issues were dealt with throughout
the nation after World War II. But, he also spent considerable time in his career of public service
visiting inmates in state and federal prisons in California, providing a full spectrum of social,
therapeutic and evaluative services. He was a great believer in rehabilitation, and was regularly
asked by courts, both state and federal, to advise them in such matters as you are now
considering with Matthew. The only relevance of this for us, I suppose, is that that with all that I
learned from my father I might continue to play an important role in his rehabilitation as part of
his team going forward. I am entirely committed to doing so.

As for Matthew's support team that has been identified by his parents, I believe this to be
a critical component of his rehabilitation. I believe that they will have assembled a particularly
strong and capable group that deserves to inspire optimism for Matthew's transition back to
independent life. The team necessarily starts with Matthew's parents, Ronald and Fran Schwartz,
whom I have known for almost sixty years. These are wonderful, down-to-earth, hard-working,
extremely responsible people. Dealing with Matthew's problems has been very challenging for
them, but they never gave up trying to help him, before his incarceration and during it, never
shirking the responsibility of making sure that they preserve for Matthew the stable, strong and
supportive platform necessary--financially, family-wise and emotionally--to ensure a successful
transition into this next stage of his life. Matthew clearly loves his parents deeply, is keenly
aware of how much he owes them, and how absolutely necessary they will be in helping him
achieve his goals in life.

The group includes a social worker, a psychiatrist, a rabbi, the Hinda Foundation
(Chicago) and the Aleph Foundation (New York). Other important family members with both the
professional skills to help Matthew and have the credibility and deep ties of affection include
Ronald's two brothers, both lawyers, and Matthew's sister who is herself a social worker.

And there's me.

I hope this proves helpful.

Best regards,

Gregg Ziskind



**Helping Individuals Ascend**

Our Mission: 0% Recidivism, 100% Acceptance

HE HINDA INSTITUTE

June 1, 2022

To the Honorable Andrea R. Wood

I am writing on behalf of Matthew Schwartz. I work for the Hinda Institute as a caseworker and have been meeting for over 1 month with Mathew. During our meetings Mathew has shown honest insight, acknowledged the situation he has got himself into and feels remorseful and ashamed that he let his family down. I felt that he is an honest, caring person that wants to make everything right again for himself, his children, and his parents. He especially wants to help his children and try to correct the damage he has done up till this point.

I know he has served more than 1 year. Mathew is willing to go for help as soon as he is released. The Hinda Institute is here to support him and continue to work with him now and in the future. The Hinda Institute offers support groups, reentry classes and caseworkers to assist him in becoming a contributing member of society. Mathew wants to fix the past and rebuild his life in the future.

Zev Goldberg

*Zev Goldberg*

Social Worker

 

To: The Honorable Andrea R Wood
From: Deborah L. Iles, B.S.W.
Subject: Matthew J. Schwartz

Hello your Honor. Please allow me to introduce myself. I am a Geriatric/Legal/Community, Medical Social Worker and Advocate for the past 25 years. I am a former Elder Abuse Investigator for the state of Illinois. I tend to surround myself with "good" people.
I have been friends with Matthew J. Schwartz since the Fall of 2007. I met him through a mutual friend and we connected immediately and have maintained a close relationship for the past 15 years. My observations of Matthew through the years is that he is an incredibly intelligent and creative man with an enormous heart. He cares deeply for his friends and family. I've never known anyone that works harder than Matthew in my life!
I have seen Matthew in good times and in bad. Throughout, he has always been what I consider to be a respectable man, son, brother, father and friend. He has his flaws as do we all but I have never seen him be mean spirited or disrespectful to anyone in all these years. I have spent a lot of time with him and have always seen his amazing love and commitment to his three children. He has always made them a priority. His parenting and being present for his children has always impressed me.
As for the case before you, he has taken responsibility for everything that he has done. He has admitted to wrongdoing and he has expressed great remorse to me when confronted with the facts. I believe that Matthew clearly understands and accepts responsibility for everything. He has never voiced or shifted responsibility towards anyone else regarding this case when we have discussed it. He is remorseful and not because he got "caught" but because this was well out of character and such a detour from who he is.
Matthew has always had an incredible work ethic and such a sense of grace when dealing with difficult situations. He has so much to offer to his family, friends and his work. He has worked very hard for many years and clearly cares deeply for everyone in his life.
I believe in Matthew 100% and I will never leave his side.
Matthew's reputation has always been important to him through the years. He is a kind, caring man with so much hope in my opinion. I feel like I know him better than most because he has always been truthful with me even when it didn't show him in the best light.
In closing, I hope that you will consider his history of being a highly functional member of society and a good and loving person.
Sincerely,
Deborah L. Iles
(847)899-9704

## Colene A Taylor

From: Colene Taylor (coleneataylor@gmail.com)

To: schwartzronald@att.net

Date: Tuesday, May 17, 2022, 08:19 AM CDT

The Honorable Andrea R. Wood,

I've known Matthew Schwartz for 12 years. When I met him he was the CEO of Nelix a web design company and within a few years he became the CEO of a successful credit card swiping business called Transax then he sold Transax and became a millionaire. Matthew has a great head for business but I have seen him be abused, neglected and used by women since I've met him. He's kind hearted and generous with his time and money to help others. When he repaid his investors for helping him get Nelix started he paid them back with a generous interest rate to show his appreciation. The women that he dated broke his heart and crushed his pride.

I am aware of the charges that he faces and I believe that he accepts responsibility for his actions. I strongly believe that given the chance he will be a great business man once again and he will choose his girlfriends more wisely. Please let me know if there is anything I can do to help Matthew Schwartz clear his name. I believe that he will make better choices in his personal life in the future given the chance.

Thank you for your time.
Sincerely,
Colene Taylor

JONATHAN R. SICK
(T) 312 775 808196
jsick@mcandrews-ip.com

May 19, 2022


The Honorable Andrea R. Wood
United States District Court for the Northern District of Illinois

  Re: Matthew J. Schwartz

Dear Honorable Judge Wood:

  I am writing on behalf of Matthew Schwartz, who is presently incarcerated in the Federal prison system. I have known Matt for many years. We met each other in college (in the late 80s or early 90s), where we lived in the same house for several years. I have maintained my friendship with him in the many years since that time. Also, I am an intellectual property attorney, and I have represented Matt and his company in trademark matters from time to time over the years. In my interactions with him, Matt has always been a truthful and kind person.

  I am aware of the charges against Matt, and I had the chance to speak with Matt briefly during his incarceration. I believe that Matt has accepted responsibility for what he did. I also know that Matt has had a difficult time during his imprisonment (as may be expected). I respectfully ask that you consider my comments as you act on Matt's case.


     Very truly yours,

     /Jonathan R. Sick/

     Jonathan R. Sick

May 17, 2022

Dear Honorable Andrea R. Wood,

My name is Tracy Aberman and I am Matthew Schwartz's younger sister. I am reaching out today in hopes that you take my letter into consideration as you make any decisions regarding my brother. Growing up with my brother I have never witnessed my brother do anything violent towards anyone at all. He is a kind person who loves his family. I believe Matthew accepts responsibility for his actions. Matthew has endured great difficulty in prison in many areas and I know that he will work hard so that he will make necessary changes to be an upstanding member of the community and live a better life and stay out of prison. Matthew has a strong family support system in his parents and myself and I know we are all committed to helping him have adequate professional support to ensure that his prior actions will not be repeated. I believe Matthew is determined to change and make a good life for himself and his children moving forward. Matthew is a peaceful person who makes every effort to help people he cares about. Thank you for your time and consideration.

Fondly,
Tracy Aberman

**RONALD SCHWARTZ**
ATTORNEY AT LAW

SUITE 290
750 LAKE COOK RD.
BUFFALO GROVE, ILLINOIS 60089

TELEPHONE
(847) 398-3690
FAX   (847) 398-7445

May 22, 2022

To: Honorable Andrea R. Wood

Re:  Matthew Jason Schwartz

Dear Honorable Andrea R. Wood,

We are Matthew's parents.  We are writing this letter for your consideration
concerning the decisions you will make in his case and for his future.  We are
aware of the seriousness of the charges as is Matthew.  Matthew does take
responsibility for his actions and for the situation that he is in.  His pretrial
incarceration has aided his awareness of his situation and has given him time to
consider what has occurred and given him the opportunity to evaluate and plan for
his future.  For most of his life, Matthew has been a good father, a good husband,
a good friend, and a good employer.  He has never been in trouble with the law
and has no record of any wrong doing.

His problems with deteriorating home life as well as with his deteriorating
business life are results of drugs usage and the consequential bad judgment that the
drugs produced and that he made.

He has been off of drugs while incarcerated and plans to stay off drugs.  We plan
to assist him as he moves forward with therapy, counselors, social workers,
psychiatrists, clergymen, and other professionals that will assist him to stay a law
abiding person and help him return to becoming a contributing, productive
member of the community and an excellent father.  We also know that these are
his goals.  We will do whatever is necessary to see that Matthew is successful.

We are aware that Matthew wants to return to becoming an active parent and to
restart gainful employment immediately.  He wants to be there to help his children
and become a big part of their lives.

His experience being locked up has lead to his focus to never return to drug issues
and issues with the law again.  We hope that he can be returned as soon as possible
to being a father and a productive member of society.

Very truly yours,

RONALD SCHWARTZ
FRAN SCHWARTZ

From: **Joseph Spiezer** joe5348@gmail.com
Subject: **matthew**
Date: **Nov 30, 2022 at 12:04:45 PM**
To: **zzrons@sbcglobal.net**

Dear Judge,

I have been visiting Matthew Schwartz, as a representative of the local Chabad organization while he has been in the Winnebago County Jail.

During that time I have observed a number of things. First, he has taken complete responsibility for his actions. Frequently, an inmate will blame others, usually the victim, for his conduct. Matthew has never done that. He repeats over and over again that his incarceration is his fault and he blames noone other than himself. Second, his concern is not for himself but for his family. He believes that his behavior has harmed his family and children. He worries about them rather than feeling sorry for himself. Third, he recognizes his prior behavior that has resulted in his arrest and imprisonment and wants to avoid repetition of that behavior. Therefore, he has enrolled in AA, NA being uI believe that Matthew has recognized his poor life choices in the past, is unlikely to make them again and is headed in the right direction.

Joseph Spiezer

ב״ה



**Chabad**
COMMUNITY CENTER

1643 N. Alpine Road #275
Rockford, Illinois 61107
815-596-0032
Office@ChabadRockford.com
www.ChabadRockford.com
*Serving Northern IL
and Southern WI*

World Headquarters - Brooklyn, NY
Regional Headquarters - Chicago, IL

Rabbi Yecheskel Rothman
*Executive Director*
Mrs. Miri Rothman
*Program Director*

To whom it may concern,

My name is Rabbi Chesky Rothman and I serve as the spiritual leader and executive director of the Chabad Community Center in Rockford serving Northern Illinois.

I have had the honor, yes honor, of getting to know and conversing with Matthew for the past 9 months ever since he was transferred to the Winnebago County Jail in Rockford. We have studied numerous times, had many phone calls and video sessions together, and we talked about such a broad range of subjects. I have shared with him holy Jewish books on prayer and spirituality which I know he has studied over and over again.

September, is the month leading up to the Jewish New Year Rosh Hashanah, and Yom Kippur the annual holy day of atonement. This is a time for all of the Jewish people to take stock of the previous year and repent and return to G-d through committing to behave better in the coming year ahead.
Mathew and I discussed this many times over those 4 weeks and it was, during the many hours of discussing this topic, that Mathew bared his soul to me about how he truly feels.
I am not in the position to conclusively say that Mathew is sincere and ready to keep straight in his new life after incarceration, for who can truly know man's heart except for G-d.
However, I did hear over and over and over again how truly shameful and regrettable he feels for the pain he caused and how determined he is to make things right once he gets out and becomes a productive citizen, help out the community, be a good son, and an excellent parent to his children.
He sheepishly told me that jail saved his life, for if he had not spent all of these past months in jail, he might not be alive today due to the path he was on. He went on to say that he feels like he needed this punishment to wake him up and set him straight. This sounds to me that the time already served has already accomplished the goal for why individuals are placed in the criminal justice and rehabilitation system in the first place.

I am not advocating for Mathew's innocence, nor do I intend to influence your judgment. Rather I am compelled to write up these few lines for my new friend, for how can I not share what I've experienced. "How much more powerful is one who sinned and then repented for his ways, than one who has never transgressed.

I am available for any further assistance and can be reached at 815.596.0032

12-8-22

Rabbi Chesky Rothman

EMPLOYEE CONSULTATION SERVICES

HUMAN RESOURCES CONSULTANT

Dr. Stephanie Kutzen
Director

(847) 727-8899
Emens1@comcast.net

December 1, 2022

RE: Schwartz, Mathew J.

To Whom It May Concern:

By way of introduction, I have been asked and am willing to provide Clinical Counseling
services to Mathew Schwartz upon his re-entry post incarceration. My academic and professional
credentials are: Ph.D., Social Work and Licensed Clinical Social Worker (LCSW, Illinois
License #149.003367).

My professional practice areas of expertise are in the fields of Addiction and Trauma Informed
Care. I believe, with confidence that Mr. Schwartz will benefit from therapeutic care in these
specific areas.

Please contact me for additional information or clarification, if necessary. I can be reached at
(847) 727-8899.

Sincerely,


Stephanie Kutzen, Ph.D., LCSW
SK/dk

650 Waukegan Road, Suite 342, Glenview, Illinois 60025

Fwd:

From: Ronald Schwartz (zzrons@sbcglobal.net)

To:     schwartzronald@att.net

Date:  Monday, October 31, 2022, 03:59 PM CDT

Sent from my iPhone

Begin forwarded message:

> **From:** Richard Abrams <abraham198@sbcglobal.net>
> **Date:** October 31, 2022 at 3:50:57 PM CDT
> **To:** zzrons@sbcglobal.net

## Richard S. Abrams, MD, SC

## 3525 W. Peterson Ave, Suite T-18

## Chicago, Il 60659

## Tel: 773/3487003. Fax: 8472567880

**Certified Amer. Bd. Psychiatry**

To Whom It May Concern:

I will be available to provide psych and pharmacotherapy to Mr. Matthew Schwartz, when he is available

Fwd:

From: Ronald Schwartz (zzrons@sbcglobal.net)

To:  schwartzronald@att.net

Date: Monday, October 31, 2022, 03:40 PM CDT

Sent from my iPhone

Begin forwarded message:

> **From:** Richard Abrams <abraham198@sbcglobal.net>
> **Date:** October 31, 2022 at 3:10:17 PM CDT
> **To:** zzrons@sbcglobal.net

### Richard S. Abrams, MD, SC

### 3525 W. Peterson Ave, Suite T-18

### Chicago, Il 60659

### Tel: 773/3487003. Fax: 8472567880

**Certified Amer. Bd. Psychiatry**

To Whom It May Concern:

I will be available to provide psych and pharmacotherapy to Mr. Matthew Swartz, when he is available

Richard Abrams, MD

From: info@blackstone.edu
Subject: Student Services: Enrollment verification
Date: Jun 26, 2023 at 8:02:35 AM
To: zzrons@sbcglobal.net

06/26/2023

To Whom It May Concern:

Matthew Schwartz is currently enrolled in the Blackstone Career Institute's Paralegal Career Training program. He/She is expected to complete his/her studies by 02/01/2025 or sooner. He has completed 13 exams available in the program and currently holds a 90.76% grade average.

Blackstone Career Institute is nationally accredited by the Distance Education Accrediting Commission (DEAC) and regionally accredited by the Middle States Commission on Secondary Schools. Blackstone is also licensed by the State Board of Private Licensed Schools, Commonwealth of Pennsylvania.

If you have any questions or need additional information, please contact our office.

*For faster communication with the school, we also correspond through CorrLinks. You may request our school using our email:

info@blackstone.edu. We will accept your request as soon as possible.


Sincerely,
Elaine Smith
Student Services Advisor

Honorable Presiding Judge,

Re: Matthew J. Schwartz
      D. O. B. 7-5-1969

This letter is to add additional information concerning Matthew J. Schwartz in regard to his motion for Second Chance Compassionate Release.

Matthew Schwartz, 54 years old, has no prior criminal history and no criminal history points. He has served over 2 years 3 months of his sentence and should be near a release to a halfway house. He has been drug free and is anxious to return to a life where he can be of assistance to his 3 children, who badly need his presence and direction and advice in their lives.

The second chance act is designed for someone with his lack of criminal background and his medical conditions. Matthew has suffered from Crohn's Disease since the age of 8 years old. This has caused him to miss school, to limit his activities, to experience joint pain and many days of stomach and intestine pain and discomfort. Having to use the bathroom frequently and not being in a setting in jail where he can do this, has also caused him daily discomfort and pain. His colon did have a traumatic event with a perforation that left him with a colon that is not as originally configured or meant to be. This situation puts him at a constant risk for another perforation of the colon and the resulting life threatened issues. Matthew has not seen a Crohn's specialist to guide his medicine intake, to review his colon on a consistent basis, and when needed by episodes of pain and intestinal problems. Release to home confinement will allow him to obtain consistent medical review from experienced Crohn's specialists which will improve the quality of his life and his health condition, and help avoid problems and flare ups with his condition that can be life threatening.

Matthew also suffers from problems with his teeth, and has an ongoing infection.  He needs specialized dental care that can be obtained through home confinement from a dental specialist. There is no eye doctor available to update and give him appropriate eye glass

prescription in the jail. This can also be helped through home confinement.

The Second Chance Act and the interest of justice would be served if Matthew is allowed at this time to go to home confinement to obtain the medical services and attention needed for his Crohn's condition and eyes and teeth.

Very truly yours,

Fran Schwartz and Ronald Schwartz
Matthew Schwartz' parents

Matthew Schwartz

From: Ronald SCHWARTZ (schwartzronald@att.net)

To: adam@sheppardlaw.com; barry@sheppardlaw.com

Date: Thursday, June 2, 2022, 08:51 PM CDT

I am sending the last letter regarding Matthew and people who know him over the past years.

Altogether there are:

1. 1 letter from Hinda Foundation a letter from the Rabbi explaining how he will try to help when Matthew is finally released.

2. A letter from a social worker working through the Hinda foundation and working with Matthew.

3. One letter from Deborah lies, a friend of Matthew's for at least 15 years.

4. One letter for Colene Taylor a friend of Matthew's for 13 or 14 years.

5. A letter from Jon Sick a friend of Matthew's when Matthew went downstate in the engineering school at Champaign Urbana. Jon was in Matthew's fraternity. Jon is a patent attorney.

6. A letter from Margaret Sima, an attorney at present. Matthew met her when going downstate. He has maintained friendship with her over the last 30 years.

7. A letter from Greg Ziskind. Greg is an attorney who went to school with Ronnie at UCLA. He lives in California and we have maintained friendship with him over the last 50 years. He has joined in to help Matthew one or two years ago and has helped Matthew with clearing his thoughts and helping to proceed in a productive way. He continues to help Matthew.

8. A letter from Matthew's sister Tracy Aberman.

9. A letter from Ronnie and Fran in support of Matthew.

You should have received all these letters. If you are missing any of them let us know and I will resend. Thanks for all you help.

Ronald Schwartz, Attorney at Law
750 Lake Cook Rd., Suite 290
Buffalo Grove, IL 60089
Cell: 847-274-3168



**Helping Individuals Ascend**

Our Mission: 0% Recidivism, 100% Acceptance

ה

HE HINDA INSTITUTE

January 24, 2022

To whom it may concern,

I am writing a formal letter of support for Matthew Schwartz. Mr. Ronald and Fran Schwartz and their son Matthew are clients of the Hinda Institute since 2021. The family receives casework and counseling support and our chaplains visit Matthew in the MCC when accessible.

**About the Hinda Institute**

For close to 40 years, the Jewish chaplains and staff of the Hinda Institute have dedicated themselves to helping individuals and their families navigate the criminal justice system and re-entry to society with faith, community, and dignity. Our holistic approach includes support, counseling and rehabilitation services, visitation, advocacy, holiday services, educational programs, financial assistance and support for families.

**Support on Pretrial Release**

The Hinda Institute will support the Schwartz family throughout his pretrial release. We will provide the following services:

1. Individual caseworkers and counseling for both the family and Matthew (weekly). They will monitor the situation and support the supervisory officers as needed.

2. Home visits by a Hinda chaplain.

3. Access to our peer support groups (family support group, addiction support group, reentering support group)

4. Monthly reentry courses

Upon Matthew's release, we will make a psychiatrist and psychologist available to evaluate Matthew and recommend a complete treatment plan.

Thank you for your time and compassion. Please don't hesitate to contact me to discuss further at (847) 334-1770.

Rabbi Binyomin Scheiman

Director; The Hinda Institute

 www. hindahelps.com     847-430-4955     9401 Margail Avenue, Des Plaines, Illinois 60016

B"H

**THE ALEPH INSTITUTE**
JOSEPH AND STERNA GUTNICK NATIONAL HEADQUARTERS
9540 Collins Avenue • Miami, Florida 33154--7127
(305) 864-5553 • Fax: (305) 864-5675 • www.aleph-institute.org



Rabbi Yossi Cohen
*Director of Educational Programs*

**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Director of Operations**
Moshe N. Barouk

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Religious Education**
Rabbi Yossi Stern

**Programs Coordinator**
Moshe Blizinsky

\* \* \*

**Spark of Light Prison Program**

**Operation: Enduring Traditions**

**F.E.E.L.S Family Programs**

December 20, 2022

Mr Matthew Schwartz # 182288
Winnebago Comm Corr Ctr
315 S Court St
Rockford, IL 61102

ɩɭɩɭɩɩ.ɩɩ.ɩɭɩɭɩɩ.ɩɩ.ɩɩɭɩɩɭɩ.ɩɭɩɭ

Dear Mr Schwartz,

CONGRATULATIONS!!!
On behalf of the Aleph Institute, I would like to take the time to congratulate you on your completion of the Kosher For the Clueless But Curious Course.

May the Torah lessons that you have learned bring you much light, strength, direction, connection to G-d and true joy. As the Lubavitcher Rebbe stated "You should go from strength to strength." This achievement should be a stepping stone for further accomplishments and successes in your Jewish studies and practices.

Wishing you all the best and much luck,

Thank you for your interest in enrolling in our Correspondence Course program.

P.S. If you haven't already requested a new course, feel free to reach out.

Best,
Your Correspondence Course Team

RELIGIOUS MATERIALS • ETHICAL EDUCATION • RABBINICAL VISITATIONS
FAMILY SERVICES • RELIGIOUS FREEDOM ADVOCACY • PROGRAMS FOR PRISONS & THE MILITARY

12/20/2022  17:03    From:13058645553 To:18473987445 Date    Time 12/20/22 05:03PM Pages: 3  P: 1/3

# Fax Cover Page

| **From** | **To** |
|---|---|
| Name: Yossi Cohen | Name: Matthew Schwartz |
| Company: | Company: |
| Phone number: 13058645553 | Phone number: 18473987445 |

Date &Time: December 20, 2022 05:03PM

Aleph Diploma for Kosher course



Powered by TeleBroad eFax © 2021. All Rights Reserved



By the grace of G-D

# Certificate of Completion

Proudly presented to

## Matthew Schwartz

For having successfully completed the

A Chassidic Perspective on the Book of Genesis

*Correspondence Course*

Awarded on May 29, 2023

The Aleph Institute

Rabbi Aaron Lipskar
Executive Director

Rabbi Yossi Cohen
Director of Religious Education

Rabbi Menachem M. Katz
Director of Prison Programs



By the grace of G-D

# Certificate of Completion

Proudly presented to

## Matthew Schwartz

For having successfully completed the
*"Happiness The Ladder Up"*
Correspondence Course

Provided by

The Aleph Institute

Rabbi Aaron Lipskar
Executive Director

Rabbi Menachem M. Katz
Director of Prison Programs

Awarded on August 18, 2022

B"H

**THE ALEPH INSTITUTE**
JOSEPH AND STERNA GUTNICK NATIONAL HEADQUARTERS
9540 Collins Avenue • Miami, Florida 33154--7127
(305) 864-5553 • Fax: (305) 864-5675 • www.aleph-institute.org



**Rabbi Yossi Cohen**
*Director of Educational Programs*

**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Director of Operations**
Moshe N. Barouk

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Religious Education**
Rabbi Yossi Stern

**Programs Coordinator**
Moshe Blizinsky

* * *

**Spark of Light Prison Program**

**Operation: Enduring Traditions**

**F.E.E.L.S Family Programs**

August 18, 2022

Mr Matthew Schwartz # 182288
Winnebago Comm Corr Ctr
315 S Court St
Rockford, IL 61102

Dear Mr Schwartz,

CONGRATULATIONS!!!
On behalf of the Aleph Institute, I would like to take the time to congratulate you on your completion of the Happiness The Ladder Up Course.

May the Torah lessons that you have learned bring you much light, strength, direction, connection to G-d and true joy. As the Lubavitcher Rebbe stated "You should go from strength to strength." This achievement should be a stepping stone for further accomplishments and successes in your Jewish studies and practices.

Wishing you all the best and much luck,

Thank you for your interest in enrolling in our Correspondence Course program.

P.S. If you haven't already requested a new course, feel free to reach out.

Best,
Your Correspondence Course Team

RELIGIOUS MATERIALS • ETHICAL EDUCATION • RABBINICAL VISITATIONS
FAMILY SERVICES • RELIGIOUS FREEDOM ADVOCACY • PROGRAMS FOR PRISONS & THE MILITARY

# PACKING LIST

**THIS IS NOT AN INVOICE**

**Hard Cover?**

**88612**



THE ALEPH INSTITUTE
9540 Collins Avenue • Surfside, Florida 33154-7127
(305) 864-5553 • Fax: (305) 864-5675

**CUSTOMER ID 178831**

AUTHORIZED RELIGIOUS BOOKS    RELIGIOUS BOOK STORE

☐ **Military Order**

**TO:** MR MATTHEW SCHWARTZ            **#** 182288
**C/O:** WINNEBAGO COMM CORR CTR
315 S COURT ST
ROCKFORD, IL 61102

(815) 987-7399    X
zzrons@sbcglobal.net

| QTY. | DESCRIPTION | | |
|------|-------------|---|---|
| 1 | Happiness The ladder Up - Diploma | 619D | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Printed**

**INV. #**
88612

**ORDER DATE**
8/18/2022

**DATE SHIPPED**

**VIA**

**BY**

**Returned**
○ Yes

**Resent Date**

By the grace of G-D

# Certificate of Completion

Proudly presented to

## Matthew Schwartz

For having successfully completed the
*"Kabbalah of Time"*
*Correspondence Course*

Provided by

### The Aleph Institute



Rabbi Aaron Lipskar
Executive Director

Awarded on August 18, 2022

Rabbi Menachem M. Katz
Director of Prison Programs



# PACKING LIST

**THIS IS NOT AN INVOICE**

**Hard Cover?**



**THE ALEPH INSTITUTE**
9540 Collins Avenue • Surfside, Florida 33154-7127
(305) 864-5553 • Fax: (305) 864-5675

**88613**

**CUSTOMER ID 178831**

☐ **Military Order**

(815) 987-7399      X
zzrons@sbcglobal.net

AUTHORIZED RELIGIOUS BOOKS      RELIGIOUS BOOK STORE
**TO:** MR MATTHEW SCHWARTZ                # 182288
**C/O:** WINNEBAGO COMM CORR CTR
315 S COURT ST
ROCKFORD , IL 61102

| QTY. | DESCRIPTION | |
|------|-------------|---|
| 1 | Kabbalah of Time - Diploma | 707D |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |
|   |             |   |

**Printed**

**INV. #**
88613

**ORDER DATE**
8/18/2022

**DATE SHIPPED**

**VIA**

**BY**

**Returned**
○ Yes

**Resent Date**

B"H

THE ALEPH INSTITUTE
JOSEPH AND STERNA GUTNICK NATIONAL HEADQUARTERS
9540 Collins Avenue • Miami, Florida 33154--7127
(305) 864-5553 • Fax: (305) 864-5675 • www.aleph-institute.org



**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Director of Operations**
Moshe N. Barouk

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Religious Education**
Rabbi Yossi Stern

**Programs Coordinator**
Moshe Blizinsky

* * *

**Spark of Light Prison Program**

**Operation: Enduring Traditions**

**F.E.E.L.S Family Programs**

August 18, 2022

Mr Matthew Schwartz # 182288
Winnebago Comm Corr Ctr
315 S Court St
Rockford, IL 61102

Dear Mr Schwartz,

CONGRATULATIONS!!!
On behalf of the Aleph Institute, I would like to take the time to congratulate you on your completion of the Kabbalah of Time Course.

May the Torah lessons that you have learned bring you much light, strength, direction, connection to G-d and true joy. As the Lubavitcher Rebbe stated "You should go from strength to strength." This achievement should be a stepping stone for further accomplishments and successes in your Jewish studies and practices.

Wishing you all the best and much luck,

Thank you for your interest in enrolling in our Correspondence Course program.

P.S. If you haven't already requested a new course, feel free to reach out.

Best,
Your Correspondence Course Team

RELIGIOUS MATERIALS • ETHICAL EDUCATION • RABBINICAL VISITATIONS
FAMILY SERVICES • RELIGIOUS FREEDOM ADVOCACY • PROGRAMS FOR PRISONS & THE MILITARY

By the grace of G-D

# Certificate of Completion

Proudly presented to

## Matthew Schwartz

*For having successfully completed the*
**"Rambam: 13 Principles of Faith"**

*Correspondence Course*

Provided by

## The Aleph Institute

Rabbi Aaron Lipskar
Executive Director

**Awarded on October 24, 2022**

aleph
INSTITUTE

Rabbi Menachem M. Katz
Director of Prison Programs

B"H

# THE ALEPH INSTITUTE

JOSEPH AND STERNA GUTNICK NATIONAL HEADQUARTERS
9540 Collins Avenue • Miami, Florida 33154--7127
(305) 864-5553 • Fax: (305) 864-5675 • www.aleph-institute.org



**Rabbi Yossi Cohen**
*Director of Educational Programs*

**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Director of Operations**
Moshe N. Barouk

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Religious Education**
Rabbi Yossi Stern

**Programs Coordinator**
Moshe Blizinsky

* * *

**Spark of Light Prison Program**

**Operation: Enduring Traditions**

**F.E.E.L.S Family Programs**

October 24, 2022

Mr Matthew Schwartz # 182288
Winnebago Comm Corr Ctr
315 S Court St
Rockford, IL 61102

|ll.ll....ll.ll..l.l..lll

Dear Mr Schwartz,

CONGRATULATIONS!!!
On behalf of the Aleph Institute, I would like to take the time to congratulate you on your completion of the Rambam: 13 Principles of Faith Course.

May the Torah lessons that you have learned bring you much light, strength, direction, connection to G-d and true joy. As the Lubavitcher Rebbe stated "You should go from strength to strength." This achievement should be a stepping stone for further accomplishments and successes in your Jewish studies and practices.

Wishing you all the best and much luck,

Thank you for your interest in enrolling in our Correspondence Course program.

P.S. If you haven't already requested a new course, feel free to reach out.

Best,
Your Correspondence Course Team

RELIGIOUS MATERIALS • ETHICAL EDUCATION • RABBINICAL VISITATIONS
FAMILY SERVICES • RELIGIOUS FREEDOM ADVOCACY • PROGRAMS FOR PRISONS & THE MILITARY

# Fax Cover Page

| **From** | **To** |
| --- | --- |
| Name: Yossi Cohen | Name: Matthew Schwartz |
| Company: | Company: |
| Phone number: 13058645553 | Phone number: 18473987445 |

Date &Time: December 20, 2022 05:03PM

Aleph Diploma for Kosher course



Powered by TeleBroad eFax © 2021. All Rights Reserved

12/20/2022 17:03 From:13058645553 To:18473987445 Date Time 12/20/22 05:03PM Pages: 3 P: 2/3



Certificate of Completion

By the grace of G-D

Proudly presented to

**Matthew Schwartz**

For having successfully completed the

Kosher For the Clueless But Curious
*Correspondence Course*

Provided by

The Aleph Institute

aleph
INSTITUTE

Rabbi Aaron Lipskar
Executive Director

Awarded on December 20, 2022

Rabbi Menachem M. Katz
Director of Prison Programs



# CERTIFICATE OF PARTICIPATION

AWARDED TO

*Matthew Schwartz*

For participation in Prison Yoga Project's yoga and embodied mindfulness program.

Prison Yoga Project supports incarcerated people with trauma-informed yoga and mindfulness practices to promote rehabilitation, reduce recidivism, and improve public safety.

PRISON YOGA PROJECT

Stacy Morrissey, Program Facilitator

10/20/22



# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Difficult People: Why They Act That Way and How to Deal with Them**

Completion Date :
May 18, 2022

Course Location :
GTL LMS

Skillsoft.

# Skillsoft®

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Become a Great Listener**

Completion Date :
August 17, 2022

Skillsoft

Course Location :
GTL LMS

# Skillsoft

## Certificate of Completion

Presented To

**MATTHEW SCHWARTZ**

For Successfully Completing

**Skillsoft: Building Your Presentation**

Completion Date :
August 17, 2022

Course Location :
GTL LMS

Skillsoft

# Certificate of Completion



Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Cultivating Relationships with Your Peers**

Completion Date :
August 17, 2022

Course Location :
GTL LMS

Skillsoft



# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Choosing and Using the Best Solution**

Completion Date :
August 17, 2022

Course Location :
GTL LMS

Skillsoft

# Skillsoft

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Establishing Self-confidence for Life**

Completion Date :
August 18, 2022

Course Location :
GTL LMS

Skillsoft



# Skill**s**ft®

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Ensuring Successful Presentation Delivery**

Completion Date :
August 18, 2022

Course Location :
GTL LMS

Skillsoft



# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Interacting with Customers**

Completion Date :
August 18, 2022

Course Location :
GTL LMS

Skillsoft

# Skillsoft.

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Making and Carrying Out Tough Decisions**

Completion Date :
August 18, 2022

Course Location :
GTL LMS

Skillsoft



# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: The Art of Staying Focused**

Completion Date :
August 19, 2022

Course Location :
GTL LMS

Skillsoft

# Certificate of Completion



**skillsoft®**

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Managing Pressure and Stress to Optimize Your Performance**

Completion Date :
August 19, 2022

Course Location :
GTL LMS

Skillsoft

# skillsoft.

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing
**Skillsoft: Receiving Feedback**

Completion Date :
August 19, 2022

Skillsoft

Course Location :
GTL LMS



# Skill**soft**.

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Solving Problems: Generating and Evaluating Alternatives**

Completion Date :
August 19, 2022

Course Location :
GTL LMS

Skillsoft

# Skillsoft

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Reaching Sound Conclusions**

Completion Date :
August 19, 2022

Course Location :
GTL LMS

Skillsoft

# Skill**soft**®

## Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Overcoming Your Own Unconscious Biases**

Completion Date :
August 19, 2022

Course Location :
GTL LMS

Skillsoft

# skillsoft

# Certificate of Completion

*Presented To*

## MATTHEW SCHWARTZ

*For Successfully Completing*

**Skillsoft: Managing Pressure and Stress to Optimize Your Performance**

*Completion Date :*
*August 19, 2022*

*Course Location :*
*GTL LMS*

*Skillsoft*



# Certificate of Completion

**Presented To**

## MATTHEW SCHWARTZ

*For Successfully Completing*

**Skillsoft: Overcoming Unconscious Bias in the Workplace**

*Completion Date :*
*August 20, 2022*

*Course Location :*
*GTL LMS*

*Skillsoft*



# Certificate of Completion

**Skills☉ft** ®

Presented To

**MATTHEW SCHWARTZ**

For Successfully Completing

**Skillsoft: Planning an Effective Presentation**

Completion Date :
August 20, 2022

Course Location :
GTL LMS

Skillsoft

# Skillsoft

## Certificate of Completion

Presented To

### MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Understanding Unconscious Bias**

Completion Date :
August 20, 2022

Course Location :
GTL LMS

Skillsoft

# Skillsoft

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**Skillsoft: Uncovering and Utilizing Your Talents and Skills**

Completion Date :
August 20, 2022

Course Location :
GTL LMS

Skillsoft



*Office of the Sheriff*

*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

August 25, 2022

**Matthew Schwartz** completed the **Re-Entry Success: Bottom-Line Reasons to Hire the Formerly Incarcerated** course.

This course discusses getting a job after release. Finding employment post-release is often one of the most difficult challenges a returning citizen faces. This course teaches powerful and persuasive tools to use to enhance your job application and interview process. This course is based on material through the *National Campaign to Hire the Formerly Incarcerated.* Each Re-Entry Course is created to be engaging, interesting, interactive, responsive and targeted to add value for disadvantaged populations without being condescending. This one focuses on removing the negative narrative from the interview process.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

MAILED FROM
WINNEBAGO COUNTY JAIL

*295th Nationally Accredited*          *Law Enforcement Agency*



# *Office of the Sheriff*
### *Winnebago County*

★

### *Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

August 25, 2022

**Matthew Schwartz** completed the **Re-Entry Success: Communication: What's the Point** course.

The purpose of this course is to teach effective communication skills tailored to the needs and challenges of incarcerated and/or marginalized citizens. So much in life depends on communication, but often, we feel misunderstood. Each Re-Entry Course is created to be engaging, interesting, interactive, responsive and targeted to add value for disadvantaged populations without being condescending. This one teaches powerful, effective and practical communication strategies to use in everyday life, and for job searches.

Sincerely,

Cori Hilliard
Inmate Program Coordinator



MAILED FROM
WINNE...

*295th Nationally Accredited*   *Law Enforcement Agency*



## Office of the Sheriff
### Winnebago County

★

### Gary Caruana
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

September 19, 2022

**Matthew Schwartz** completed the **Re-Entry Success: Elevate Your Future With Elevator Pitches** course.

This course teaches people with a criminal history how to use elevator pitches as a powerful persuasive tool to elevate their future in job interviews and other life situations. It teaches the fundamentals of making an elevator pitch, how to make a good one, and how to use it to better their post-release life, relationships and to help in getting a job. Each Re-Entry Course is created to be engaging, interesting, interactive, responsive and targeted to add value for disadvantaged populations without being condescending.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

*295th Nationally Accredited*    *Law Enforcement Agency*



*Office of the Sheriff*

*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

September 19, 2022

To Whom It May Concern,

This letter is to confirm that **Matthew Schwartz** completed participation in the Beyond Prison, Probation and Parole Video Series.

The Beyond Prison, Probation and Parole series features stories told by formerly incarcerated men and women who have overcome the hurdles, stigmas and challenges faced by individuals released from prison. Each person featured in the series shares the lesson they have learned from the mistakes they've made and how those lessons helped to shape each person's successful transition from prison back to their family, community and society. Each feature in the series is a powerful tool to motivate people who are transition from a life of poor choices, substance abuse and criminal behavior to a positive and productive life.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

*295ᵗʰ Nationally Accredited*  *Law Enforcement Agency*



# *Office of the Sheriff*

*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

September 19, 2022

**Matthew Schwartz** completed the **Re-Entry Success: Illegal to Legal: How to Start a Business** course.

The course shows how individuals can generate legitimate income after prison, regardless of your education, funds, or lack of either. This course helps participants identify and use the skills, strengths, and passions they already have to find success in employment, self-employment, or both. Along the way students will learn skills that will help them get a job or start a business. It includes help with writing a business plan.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

*295ᵗʰ Nationally Accredited*  *Law Enforcement Agency*



*Office of the Sheriff*

*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

September 19, 2022

**Matthew Schwartz completed** the **Re-Entry Success: Great Interviews and Jobs for the Formerly Incarcerated** course.

The course teaches powerful, practical tools and strategies to help improve interviewing and job search skills to aid in getting hired and getting better jobs. The highlights of this course include what you should and should not do before a job interview, as well as how to build rapport during the interview.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

*295ᵗʰ Nationally Accredited*  *Law Enforcement Agency*



*Office of the Sheriff*
*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

September 19, 2022

**Matthew Schwartz** completed the **Re-Entry Success: Seven Strategies for Getting a Job with a Record** course.

The course shows how individuals can generate legitimate income after prison, regardless of your education, funds, or lack of either. This course teaches seven specific, powerful, practical, memorable and attainable strategies to help job applicants with a criminal history get jobs.

Sincerely,

Cori Hilliard
Inmate Program Coordinator

*295ᵗʰ Nationally Accredited*      *Law Enforcement Agency*



*Office of the Sheriff*

*Winnebago County*

★

*Gary Caruana*
*Sheriff*



650 West State Street
Rockford, Illinois 61102
815-319-6000

WINNEBAGO COUNTY JAIL
MAILED FROM

October 19, 2022

To Whom It May Concern:

**Matthew Schwartz has** successfully completed the VirtualiaNetwork Vocational Training Program. The training teaches students how to be a productive contributor to Freelancing networks and the strategies to get a five star rating for their work. Freelancing is a mainstream industry and growing rapidly.

Participants learn about telework, which can be conducted at home over the internet. A person's background isn't necessary as most of these jobs create a portfolio that includes the person's name and star rating for the work they complete.

Businesses of all sizes are turning to the web to scout and hire talent because it's faster and cheaper than the traditional hiring process. The VirtualiaNet series focuses on training for positions as a freelance transcriber, translator, customer support specialist, virtual assistant, web designer and advertising manager.

Sincerely,

*Cori Hilliard*

Cori Hilliard
Inmate Program Coordinator

*295ᵗʰ Nationally Accredited*  *Law Enforcement Agency*

STEVE COPLON'S

PERSONAL FINANCE

and

SMALL BUSINESS OWNERSHIP COURSE

This is to certify that

**MATTHEW SCHWARTZ**

has successfully completed the requirements of this course
and is hereby awarded this certificate

Completion Date
August 21, 2022

Steve Coplon
Founder/Executive Director
Right Thinking Foundation

Course Location
GTL LMS

# *i-Pathways*

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**i-Pathways Test Preparation Course: Basic Math**

Completion Date :
*August 27, 2022*

*i-Pathways*

Course Location :
GTL LMS

# *i-Pathways*

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**i-Pathways Test Preparation Course: Science**

Completion Date :
August 27, 2022

Course Location :
GTL LMS

i-Pathways

# *i-Pathways*

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**i-Pathways Test Preparation Course: Basic Writing**

Completion Date :
August 28, 2022

Course Location :
GTL LMS

i-Pathways

# *i-Pathways*

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**i-Pathways Test Preparation Course: Social Studies**

Completion Date :
August 28, 2022

Course Location :
GTL LMS

i-Pathways

# i-Pathways

# Certificate of Completion

Presented To

## MATTHEW SCHWARTZ

For Successfully Completing

**i-Pathways Test Preparation Course: Literacy**

Completion Date :
August 29, 2022

Course Location :
GTL LMS

i-Pathways



# BREAKING FREE™
## Online

## THIS IS TO CERTIFY THAT

## MATTHEW SCHWARTZ

## HAS ENGAGED WITH
## BREAKING FREE ONLINE

| TOTAL NUMBER OF TREATMENT EPISODES | TOTAL TIME SPENT BUILDING RECOVERY CAPITAL |
|---|---|
| 52 | 13 hours 54 minutes |



ON THE DATE OF

## 1 November 2022



# Peace Education Program
The Prem Rawat Foundation

This certificate acknowledges that

## *MATTHEW SCHWARTZ*

has participated in the Peace Education Program

August 21, 2022

