IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21-cr-00316 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| MATTHEW SCHWARTZ | ) | |

## ORDER

      Defendant's motion for leave to file a reply in support of his motion for compassionate release [108] is granted. Defendant shall submit his reply brief by no later than 3/12/2024. In his reply brief, Defendant shall address the Government's contention that he has failed to establish compliance with 18 U.S.C. § 3582(c)(1)'s exhaustion requirement. Under § 3582(c)(1), a defendant may bring a motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1). This administrative exhaustion requirement "is a mandatory, claim-processing rule and therefore ***must*** be enforced when properly invoked." *United States v. Williams*, 987 F.3d 700, 702–03 (7th Cir. 2021) (internal quotation marks omitted). In his motion, Defendant states that he "filed a request for a reduction of sentence under the compassionate release statute with the Warden of his prison" and "[t]he Warden has denied this request." But the exhaustion requirement is not satisfied simply upon the warden's denial of an administrative request for compassionate release. Rather, after such request is denied, a defendant must also "exhaust administrative appeals." *United States v. Sanford*, 986 F.3d 779, 781–82 (7th Cir. 2021). Alternatively, a defendant may file a motion for compassionate release if 30 days have passed since the defendant submitted their administrative request to the warden. Here, Defendant fails to address whether he exhausted his administrative rights to appeal the warden's denial and does not specify the dates on which he submitted his administrative request and received the denial of that request. More importantly, Defendant fails to offer any evidence demonstrating that he pursued available administrative remedies, such as a copy of his administrative request or the warden's response. And the Government states that the Bureau of Prisons has no record of Defendant submitting an administrative request for compassionate release. Absent a showing that Defendant exhausted his administrative remedies, his motion for compassionate release must be denied. *See, e.g.*, *United States v. Hale*, No. 1:21-CR-57-HAB, 2023 WL 1466782, at *1 (N.D. Ind. Feb. 2, 2023) ("Where, as here, the Government raises exhaustion as a defense, a defendant has the burden to show he properly exhausted all administrative avenues available to him."). Accordingly, Defendant's reply brief must address whether he has satisfied § 3582(c)(1)'s exhaustion requirement.

Dated: February 20, 2024

                                                                                   Andrea R. Wood
                                                                                    United States District Judge